Arthur R. HOMER, Plaintiff,

v.

James G. ROCHE, Secretary of the Air Force, Defendant.

No. CIV.A. 02–0381(ESH).

United States District Court, District of Columbia.

Oct. 22, 2002.

Gary Rowland Myers, Gary Myers & Associates, Weare, NH, for Plaintiff.

Edith M. Shine, U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION

HUVELLE, District Judge.

Before the Court are plaintiff's motion for summary judgment and defendant's motion to dismiss, or in the alternative, for summary judgment. Plaintiff Arthur R. Homer invokes the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 et seq., to challenge the Air Force's refusal to promote him to the rank of colonel. While the Court is without jurisdiction to grant plaintiff the main relief that he seeks— direct promotion—the Court may review the Air Force decisions at issue here under the familiar "arbitrary and capricious" standard and order relief short of pro-

motion. *See* 10 U.S.C. § 628(g)(2); 5 U.S.C. § 706(2)(A). After engaging in such an evaluation, the Court finds that the Air Force has not provided an adequate explanation for its repeated decisions to deny plaintiff's bid for promotion. The Court is therefore unable to determine whether that decision was both reasonable and based on "substantial evidence." Accordingly, the case must be remanded in order to allow defendant to supply this heretofore missing rationale. On remand, the Air Force of course remains free to refuse to promote plaintiff once again, but this time will have to explain its actions.

### BACKGROUND

Plaintiff is a Lieutenant Colonel ("Lt. Col.") in the United States Air Force on active duty serving as a chaplain. Between 1988 and 1991, he was stationed at Aviano Air Base, Italy. During this time period, he received four Officer Performance Reports ("OPRs")[1]. The first three were authored by Colonel Raymond Greco. In March 1993, plaintiff requested that the Air Force's Officer Personnel Records Review Board ("OPRRB") remove two of the three OPRs written by Colonel Greco on grounds that the rater harbored a personal bias against plaintiff, which infected those OPRs, and caused them not to reflect accurately plaintiff's job performance. (Administrative Record ["A.R."] 13.) This request was granted and the offending OPRs were expunged from plaintiff's record. (A.R.5.)

In July 1991, Plaintiff was reassigned from Aviano to Lowry Air Force Base. While at Lowry, he received three additional OPRs, two of which were written by Colonel Keith Lewis. In May 1995, plaintiff requested that two of the OPRs au-

---

1. An OPR is an evaluation of an Air Force officer's performance consisting of a form and comments section providing a record of approximately one year of military service.

thored by Colonel Lewis be removed from his record and that his Performance Recommendation Form ("PRF") be replaced with a new one that changed his status from "Promote" to "Definitely Promote." (A.R.44.) These requests were also granted, thus bringing the total number of OPRs expunged from his record to four.[2]

Previously, in March 1995, plaintiff had been considered, but not selected, for a promotion to colonel by the Air Force's regularly constituted promotion board. (Compl. ¶ 7; A.R. 5.) After this denial, however, the Air Force convened a Special Selection Board ("SSB") in order to reevaluate plaintiff's bid for promotion. Under military law, the Secretary for the Air Force may convene an SSB where an officer is considered but not selected for promotion by a promotion board, and the Secretary determines that "the board did not have before it for its consideration material information." 10 U.S.C. § 628(b)(1)(B). This was so in plaintiff's case because of the four OPRs that had been expunged from his record.

Nevertheless, on July 31, 1995, the SSB denied plaintiff's promotion. (A.R.5.) In 1996, plaintiff appealed that decision to the Air Force Board for Correction of Military Records ("the Board") and requested a direct promotion to colonel. (A.R.4.) The Board found evidence of "probable error or injustice" with respect to plaintiff's PRF, noting that when plaintiff's application was considered by the SSB, the revised PRF listed a group size of one. That figure would connote that plaintiff had been given his "Definitely Promote" recommendation out of a candidate pool of one, rather than six, as his original (unrevised) PRF had indicated. To correct this error, the Board ordered that the form be amended to show a group size of six.

While it took this action favorable to plaintiff, the Board declined to promote plaintiff directly. It reasoned as follows:

> The applicant's situation, while unfortunate, in and of itself, does not warrant a direct promotion by this Board. We believe it must be noted that based on the limited number of promotion vacancies available for chaplains to colonel, the selection process is highly competitive and there is no guarantee the applicant would have been promoted under any circumstances. In view of the fact that the applicant did have two OPRs in the file documenting his performance as a lieutenant colonel, as well as all the performance reports documenting his earlier performance; the action of the ERAB to substitute a DP recommendation for the CY 95A selection board; and the action we propose to further correct the contested PRF to show he did not receive the DP recommendation in isolation, i.e., that his review group size was "6," it is our opinion that a duly constituted selection board would have at its disposal an adequate record to make a reasonable and fair determination concerning the applicant's potential to serve in the higher grade in retaliation to his peers. Based on the foregoing, we are not inclined to usurp the discretionary authority of a duly constituted selection board.

(A.R.7.) Accordingly, a new SSB was convened in order to evaluate plaintiff's corrected record. This board met in September 1998, and once again voted to deny promotion.

Plaintiff appealed this denial to the Board. By a divided vote, the Board rejected plaintiff's appeal, finding an "absence of clear-cut evidence indicating that

---

2. The OPR's removed from plaintiff's record covered the following periods of service:
February 5, 1989 to February 4, 1990
February 5, 1990 to October 3, 1990
July 2, 1991 to July 1, 1992
July 2, 1992 to June 7, 1993.

the applicant was not afforded full and fair consideration for promotion to the grade of colonel by a duly constituted SSB, or that he was treated differently than other similarly situated individuals." (A.R.92–93.) Based on this conclusion, the Board found no basis on which to grant plaintiff's request for a direct promotion. (A.R.94.) Plaintiff now seeks review of these decisions in this Court. He has asked that the Court order his promotion to colonel and for such other relief as may be appropriate under the circumstances. (Compl.¶ 16.)

## DISCUSSION

### A. Jurisdiction and Standard of Review

■ Before addressing the merits, the Court must determine whether it has jurisdiction to hear this case at all. To this end, defendant relies on *Kreis v. Secretary of the Air Force*, 866 F.2d 1508 (D.C.Cir. 1989), to argue that challenges to military decisions not to promote officers are non-justiciable in the federal courts. (Def.'s Opp. to Pl.'s Cross Motion for Summary Judgment, at 8.) This argument has only limited merit. To be sure, *Kreis* holds that a request for retroactive promotion "falls squarely within the realm of nonjusticiable military personnel decisions." 866 F.2d at 1511. Thus, the Court is powerless to act insofar as plaintiff asks that the Court order his promotion to the rank of colonel. The authority to make that decision lies exclusively with the Air Force. However, it does not follow that plaintiff's entire complaint must therefore be dismissed on jurisdictional grounds.

Very recently, in late 2001, Congress amended the statute governing special selection boards to include a specific provision authorizing judicial review of SSB decisions. *See* Pub.L. No. 107–107, § 503(b) (Dec. 28, 2001). This provision allows a federal court to "review the action of a special selection board ... or an action of the Secretary of the military department concerned on the report of such a board" and to "set aside" such action if the court finds that it was, *inter alia*, "arbitrary and capricious" or not "based on substantial evidence." 10 U.S.C. § 628(g)(2). While the Court does not read this statute as overruling *Kreis'* holding that claims for retroactive promotion are nonjusticiable, the enactment of § 628(g)(2) undoubtedly validates that portion of *Kreis* in which the D.C. Circuit concluded that challenges to military promotion decisions in which the plaintiff merely challenges the military's justification for its refusal to promote lie within the power of the federal courts to adjudicate. *See* 866 F.2d at 1511–12.

In this regard, the amendment clarified the law more than it changed it. For the standard adopted by § 628(g) largely echoes that found in the APA, on which cases such as *Kreis* had long relied as a basis for reviewing military personnel actions. *See* 866 F.2d at 1514–15 (holding that in exercising its discretion in regard to promotion decisions, the military must "give a reason that a court can measure, albeit with due deference, against the arbitrary and capricious standard of the APA"); *see also Cone v. Caldera*, 223 F.3d 789, 793 (D.C.Cir.2000) (noting that the application of that standard in the military context must be "unusually deferential"); *Chandler v. United States Air Force*, 255 F.3d 919, 920–21 (8th Cir.2001); *Roetenberg v. Sec'y of Air Force*, 73 F.Supp.2d 631, 636 (E.D.Va.1999). Thus, the Court undoubtedly has jurisdiction to consider plaintiff's claims insofar as he seeks a remedy other than direct promotion to the rank of colonel. In conducting this inquiry, whether under § 628(g) or the APA, the Court is charged with evaluating the Air Force's explanations for refusing to promote plaintiff in order to ensure that the military's decisions were reasonable. The role of the courts engaged in such review is limited, but important: "we re-

quire only that the agency exercise its discretion in a reasoned manner, but defer to the agency's ultimate substantive decision." *Kreis*, 866 F.2d at 1512.

### B. Legal Analysis

■ The above discussion makes clear that the Court's inquiry in this case focuses not on whether the Air Force. was substantively correct not to promote plaintiff, but rather on whether the defendant's explanations for that choice demonstrate that defendant permissibly exercised its discretion and made a choice that is supported by at least substantial evidence. Thus, to prevail here, the Air Force "must give a reason that the Court can measure, albeit with due deference," against the standard of the APA. *Kreis*, 866 F.2d at 1514–1515. Unfortunately, on the basis of the record before the Court, defendant has provided no such explanation; indeed, the Court can find no affirmative reason for why plaintiff was not selected for promotion.

The closest statement resembling an explanation is the Board's observation that "the selection process is highly competitive and there is no guarantee that the applicant would have been promoted under any circumstances." (A.R.7.) However, merely pointing out that the selection process was competitive provides no actual reason for denying a promotion to any particular candidate. Indeed, this justification only highlights the Air Force's failure to identify the substantive criteria that were used in that process and to explain the reasons that plaintiff did not satisfy those criteria. This absence leaves the Court to guess whether the two SSBs denied plaintiff's promotion because of the missing OPRs (as plaintiff intimates), or because there were others more qualified (as defendant implies but does not support), or for some other reason (whether permissible or impermissible) that cannot be discerned from the record. The Air Force's silence is especially troubling in light of the fact that it nowhere responds to the evidence in the record that was favorable to plaintiff's bid for promotion—specifically, the "definitely promote" recommendation on plaintiff's July 1995 PRF (A.R.74), and the numerous letters that plaintiff submitted from other officers and civilians who had first-hand knowledge of his work and professional demeanor. (A.R.99–105.)

Instead of confronting this evidence and explaining the Air Force's case for non-promotion, the Board cursorily rejected plaintiff's appeal on the grounds that it did not wish to "usurp the discretionary authority of a duly constituted selection board." A.R. 4. That is its privilege, but in the absence of any explanation of how that selection board exercised its authority and reached its ultimate decision, the Court cannot find that the SSB acted in a non-arbitrary fashion in declining to promote plaintiff or that the decision was based on substantial evidence. To approve that decision in the absence of any indication as to how it was made would effectively sap the review specifically authorized by § 628(g) of any meaningful content. The Court's role here may be limited, but it is not that of a rubber stamp. The military's discretion may be broad, but, as the statute plainly indicates, it is not boundless.

On this record, then, the Court concludes that defendant has failed to supply any "rational connection between the facts found and the choice made." *Frizelle v. Slater*, 111 F.3d 172, 176–77 (D.C.Cir.1997) (quoting *Motor Vehicle Mfrs. Ass'n, v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). While a court must "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," *State Farm*, 463 U.S. at 43, 103 S.Ct. 2856, in the present case the road between plaintiff's record and the Air Force's decision not to promote him is entirely opaque.

Because the Court has no basis on which to determine whether the Air Force's decision was a proper exercise of its discretion, it will remand the case to allow defendant to supply this missing explanation. On remand, the Air Force is of course free to reaffirm its previous decision to keep plaintiff at his present rank. In order to do so, however, it will have to articulate its reasons for leaving him there. *See Kreis,* 866 F.2d at 1512 (in such cases, the military must "explain more fully the reasoning behind [its] decision").

## CONCLUSION

For these reasons, plaintiff's motion for summary judgment is granted in part, defendant's motion is denied, and this matter is remanded to the Air Force for further proceedings consistent with this Memorandum Opinion.